IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY LOUIS BERRY,<br>Plaintiff,<br><br>v.<br><br>THOMAS SEVERIT and<br>PROVEST LLC,<br>Defendants. | Case No. 20–CV–00229–JPG |

### **MEMORANDUM & ORDER**

This is a civil-rights case. The Court ordered Plaintiff Gary Louis Berry to show cause as to the basis for subject-matter jurisdiction, (Show Cause Order, ECF No. 6), and he responded, (Pl.'s Resp., ECF No. 12). For the reasons below, the Court **DISMISSES** Berry's Complaint **WITHOUT PREJUDICE**.

### I.   PROCEDURAL & FACTUAL HISTORY

According to the Complaint, Berry was the defendant in a foreclosure action in Illinois state court. (Compl. 6, ECF No. 1). The plaintiff in that case hired Defendant ProVest LLC ("ProVest"), a legal support company, to serve process on Berry. (*Id.* at 5). And Defendant Thomas Severit, a ProVest employee, was assigned to the task. (*Id.*). But Severit lied in the Affidavit of Service, claiming that he served Berry when he had not. (*Id.*) Berry then sued Severit and ProVest here after the state court entered a default judgment against him. (*See id.* at 6).

Berry's Complaint alleged both diversity jurisdiction and federal-question jurisdiction. (*Id.* at 1). That said, Berry stated in the Civil Cover Sheet that all the parties are Illinois citizens. (Civil Cover Sheet 1, ECF No. 1–1). And the federal statutes linked to his 42 U.S.C. § 1983 claims were criminal laws lacking private rights of action. (*See* Show Cause Order 1). The Court therefore ordered Berry to show cause as to why the Complaint should not be dismissed for lack of subject-

matter jurisdiction. (*Id.* at 2). When Berry did not respond within 30 days, the Court dismissed the Complaint without prejudice. (Order 1–2, ECF No. 8).

But Berry returned, alleging that he did not receive the Court's Show Cause Order until after the deadline. (Mot. for Extension 1–2, ECF No. 10). The Court therefore vacated the Judgment and gave Berry 14 more days to respond. (Order, ECF No. 13). He responded that day. Rather than defending the original causes of action, he instead linked his § 1983 claims to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Pl.'s Resp. 2–3). Now, the Court must determine whether Berry established subject-matter jurisdiction.

## II.     LAW & ANALYSIS

The *Rooker-Feldman* doctrine bars Berry's claims—this Court cannot review and reverse a state-court judgment. And even if it could, Severit and ProVest are not state actors, a prerequisite to suit under 42 U.S.C. § 1983. The Court therefore must dismiss Berry's Complaint for lack of subject-matter jurisdiction.

### A. The *Rooker-Feldman* Doctrine Bars Berry's Claims.

"The *Rooker-Feldman* doctrine precludes federal courts from deciding cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hemmer v. Ind. State Bd. of Animal Health*, 532 F.3d 610, 613 (7th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In other words, *Rooker-Feldman* precludes federal courts "from hearing cases where the federal action is 'inextricably intertwined' with the state court judgment." *Id.* (quoting *Richmond v. St. Joseph Care Ctr. W.*, 190 F.3d 500, 501 (7th Cir. 1999).

In *Rooker*, the plaintiffs asked a federal district court to have an adverse state-court judgment "declared null and void." *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 414 (1923). The district court dismissed the complaint for lack of subject-matter jurisdiction: Congress authorized the Supreme Court—not the lower federal courts—to review state-court judgments. *Id.* at 415. The Supreme Court agreed, holding that federal district courts cannot "entertain a proceeding to reverse or modify" a state-court judgment. *Id.* at 416. And 60 years later, the Supreme Court in *Feldman* reiterated that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Berry contends that Severit and ProVest deprived him of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments when they falsified the Affidavit of Service submitted to the Illinois state court, leading to a default judgment against him. That very well may be true, but this Court is not the correct forum to vindicate those rights. It is not for this Court to declare the state-court judgment void; or enjoin its enforcement; or grant a monetary award that effectively reverses it. "The proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986). This may also include petitioning the state court to invoke its equitable powers and vacate its judgment under 735 Ill. Comp. Stat. § 5/2-1401: it is well established in the State of Illinois that "one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstance." *Elfman v. Evanston Bus Co.*, 190 N.E.2d 348, 350 (Ill. 1963). But Berry cannot avoid that route by seeking relief here. To hold otherwise would defy basic principles of federalism.

### B. The Court Lacks Subject-Matter Jurisdiction Because Severit & ProVest Are Not State Actors.

Section 1983 of Title 42 of the United States Code is a constitutional tort provision that creates a private right of against state actors that deprive individuals of federal rights. It states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.*

Section 1983 regulates state and local government conduct, not purely private conduct. That distinction, however, is not always apparent: "To act 'under color' of law does not require that the accused be an officer of the State." *United States v. Price*, 383 U.S. 787, 794 (1966). District courts must therefore determine whether the private actor's conduct is "fairly attributable to the state." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "In the typical case raising a state-action issue, a private party has taken the decisive step that caused the harm to the plaintiff, and the question is whether the State was sufficiently involved to treat that decisive conduct as state action." *NCAA v. Tarkanian*, 488 U.S. 179, 192 (1988). "[A] private party can qualify as a state actor in a few limited circumstances—including, for example, (1) when the private entity performs a traditional, exclusive public function, (ii) when the government compels the private entity to take a particular action, or (iii) when the government acts jointly with the particular entity." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (internal citations omitted). "Only by sifting facts and weighing circumstance can the nonobvious

involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961).

Unlike other courts of appeals, the Seventh Circuit treats the state-action requirement in § 1983 as jurisdictional. *See Robinson v. Bergstrom*, 579 F.2d 401, 404 (7th Cir. 1978), *overruled on other grounds*, *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). In other words, "[w]here state action is found lacking, the section 1983 complaint is properly dismissed for lack of subject matter jurisdiction." *Id.*

Courts disagree as to whether private process servers are state actors. In *United States v. Wiseman*, 445 F.2d 792, 796 (2d Cir. 1971), for example, the Second Circuit found that private process servers could be considered state actors under 18 U.S.C. § 353—the criminal counterpart to 42 U.S.C. § 1983. Like Severit and ProVest, the defendants in *Wiseman* were private process servers accused of falsifying affidavits of service. *Id.* at 795. "The State did not pay them; their employer was hired by various attorneys for the purpose of effecting service of papers in connection with lawsuits." *Id.* That said, "[u]nlike most functions involved in the conduct of a lawsuit by private parties, the service of summons is essentially and traditionally a public function." *Id.* at 796. The Second Circuit therefore found that the private process servers were state actors under 18 U.S.C. § 353 and subject to suit. *Id.*

Other courts, however, came to the opposite conclusion. *E.g.*, *Schrader v. Turner*, 338 Fed. App'x 761, 761–63 (10th Cir. 2009) (affirming the dismissal of a private process server because he was not a state actor under § 1983); *accord. Clowers v. Cradduck*, No. 5:15–CV–05260, 2016 WL 5886893, at 4 (W.D. Ark. Oct. 6, 2016) ("Process servers are not state actors . . . ."). And some found that other professionals *like* private process servers are not state actors. *E.g. Dean v. Olibas*, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997) (bail bondsmen).

Berry contends that § 1983 "clearly establish[es] the right to sue *anyone* who will violate constitutional rights . . . ." (Pl.'s Resp. 2) (emphasis added). He also argues that Severit "acted as an officer of the court" when he made "a sworn statement in an affidavit under the penalty of perjury."(*Id.*). The Court disagrees. Severit and ProVest were not acting "under color of" state law when they made misrepresentations in the Affidavit of Service. "[T]o qualify as a traditional, exclusive public function . . . , the government must have traditionally *and* exclusively performed the function." *Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1929 (emphasis in original). " '[V]ery few' functions fall into that category." *Id.* (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158 (1978)). True enough, due process requires defendants to receive notice of suits against them. But even public defenders—whose duties are rooted in the Sixth Amendment guarantee to criminal representation—are not considered state actors. *See Polk Cty.*, 454 U.S. at 451–52. The same could be said about private process servers: private citizens that interact with the State only in pursuing their own private interests.

What's more, although the State of Illinois typically, though not exclusively, delegates service of process to the local sheriff, *see* 735 Ill. Comp. Stat. § 5/2-202(a), the Seventh Circuit has held that "[n]on-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct," *Henry*, 808 F.2d at 1238; *accord. Heller v. Heller*, No. 86 C 7872, 1989 WL 152556, at *4 (N.D. Ill. Dec. 6, 1989) (finding that a special process server under § 5/2-202(a) enjoyed absolute immunity). In other words, even if Severit and ProVest could be considered state actors, they could also be considered quasi-judicial officials acting within the scope of their official duties and thus immune from liability.

### III.     CONCLUSION

The Court **DISMISSES** Plaintiff Gary Louis Berry's Complaint **WITHOUT PREJUDICE** and **DIRECTS** the Clerk of Court to enter judgment.

**IT IS SO ORDERED.**

**Dated: Tuesday, June 23, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
